UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT R. HOPPER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>BMO HARRIS BANK, N.A. and DOVENMUEHLE MORTGAGE, INC.,<br><br>Defendants. | Civil No. 22-1828 (JRT/JFD)<br><br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

>   Robert R. Hopper, **ROBERT R. HOPPER & ASSOCIATES**, 333 South Seventh Street, Suite 2450, Minneapolis, MN 55402, *pro se* Plaintiff.
>
>   Keith S. Moheban and Kevin P. Kitchen, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402 for Defendant BMO Harris Bank, N.A.
>
>   Christopher Steven Comstock and Michael Bornhorst, **MAYER BROWN LLP**, 71 South Wacker Drive, Chicago, IL 60606; Marjan A. Batchelor, **MAYER BROWN LLP,** 700 Louisiana Street, Suite 3500, Houston, TX 77002, for Defendant Dovenmuehle Mortgage, Inc.

Plaintiff Robert Hopper entered into a mortgage that was later acquired by Defendant BMO Harris Bank, N.A. ("BMO"). Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle") became the servicer of the loan. In 2020, Hopper realized that BMO did not credit a June 2020 mortgage payment he made. Hopper contacted BMO and was told they would investigate the matter. Hopper stopped making payments, allegedly at the direction of BMO. BMO's investigation concluded that Hopper had only made a

partial payment in June 2020 and explained that they were not required to credit his payment until the payment was made in full. In anticipation of foreclosure, Hopper initiated this action and brought ten claims against the Defendants.

BMO and Dovenmuehle separately moved to dismiss all claims. After missing several Court-imposed deadlines, Hopper responded to the Motions to Dismiss—but only addressed two of the ten claims. Because Hopper waived any argument against the motions to dismiss on eight out of the ten claims, the Court will consider those claims abandoned. Because Hopper failed to allege the terms of the mortgage contract that were supposedly breached, the Court will dismiss his breach of contract claim. Finally, Hopper failed to allege that the Defendants are "consumer reporting agencies" for the purpose of the Fair Credit Reporting Act ("FCRA"), and therefore failed to sufficiently plead a claim to relief under the FCRA. The Court will grant the Motions to Dismiss.

## BACKGROUND

**I.    FACTS**

In August 1994, Plaintiff Robert Hopper purchased a home located in Medina, Minnesota (the "Property"). (1st Am. Compl. ¶ 13, Sept. 22, 2022, Docket No. 33.) Hopper entered into a 30-year mortgage on the Property with National City Bank of Minneapolis. (*Id.* ¶ 15.) Through various corporate mergers and acquisitions, Defendant BMO acquired the mortgage. (*Id.* ¶¶ 16–17.) Prior to July 2020, BMO subsequently transferred some financial interest in Hopper's mortgage to Defendant Dovenmuehle. (*Id.* ¶¶ 18–19.)

Hopper claims to have paid his mortgage monthly from September 1994 until July 2020 without incident. (*Id.* ¶ 20.) In July 2020, Hopper discerned through his mortgage statement that his payment for the previous month had been received but not credited to his mortgage statement. (*Id.* ¶¶ 21–22.) Hopper contacted BMO about the statement and was advised that BMO would inquire into the issue. (*Id.* ¶¶ 23–25.) Hopper alleges that BMO instructed him to send copies of his mortgage payment checks for May, June, and July 2020, and that he would not be required to make additional mortgage payments until the dispute was resolved. (*Id.* ¶¶ 26–28.) Hopper sent the check copies and began to withhold mortgage payments as instructed. (*Id.*)

In February 2021, Hopper received a letter from BMO stating that an inquiry into the issue had begun. (*Id.* ¶ 29) Hopper then learned from his ex-wife, Paula J. Prahl, that she had begun to make her share of the mortgage payments on the Property to Dovenmuehle. (*Id.* ¶ 32.) Hopper then contacted Dovenmuehle to explain the circumstances at hand. (*Id.* ¶ 33.) Dovenmuehle, too, instructed Hopper to send copies of his mortgage payments for May, June, and July 2020, which Hopper did. (*Id.*) After completing its investigation, BMO sent a letter to Hopper stating that payment had not been made by Hopper. (*Id.* ¶ 34.)

On December 9, 2021, Hopper filed an official "RESPA Notice of Error/Request for Information" to the postal address printed on his monthly BMO mortgage statements with 34 questions. (*Id.* ¶ 37; Decl. of Kevin Kitchen ("Kitchen Decl."), Ex. 2, at 2–4, Oct.

11, 2022, Docket No. 45-2.) BMO replied on December 20, 2021, with a detailed letter attempting to answer each of the 34 inquiries. (*See* Kitchen Decl., Ex. 3, at 7–10, Oct. 11, 2022, Docket No. 45-2.) BMO explained that it did not apply the June 2020 payment toward the loan because the amount paid only partially covered the monthly amount owed on the loan, and BMO would not apply the payment to the loan until Hopper paid the full monthly payment. (*Id.* ¶¶ 14, 19–20, at 8–9.) Meanwhile, BMO and Dovenmuehle reported Hopper as delinquent in his mortgage obligations, resulting in damage to Hopper's credit rating and business profits. (1st Am. Compl. ¶¶ 44–45.)

## II.   PROCEDURAL HISTORY

Hopper initiated this action in state court on June 2, 2022. (Notice of Removal, Ex. 1, July 20, 2022, Docket No. 1-1.) Defendant Dovenmuehle timely removed to federal court and moved to dismiss. (Notice of Removal, July 20, 2022, Docket No. 1; Dovenmuehle 1st Mot. Dismiss, Sept. 2, 2022, Docket No. 24.) Hopper then filed an Amended Complaint. (*See* 1st Am. Compl.) Defendants filed separate Motions to Dismiss the Amended Complaint. (BMO Mot. Dismiss, Oct. 11, 2022, Docket No. 42; Dovenmuehle 2nd Mot. Dismiss, Nov. 4, 2022, Docket No. 49.) The Court twice extended the deadline for Hopper to respond to the Motions to Dismiss. (*See* Order Approving Extension, Nov. 30, 2022, Docket No. 67; Order Approving Stipulation, Dec. 28, 2022, Docket No. 71.) After missing the Court-imposed deadline to respond, Hopper responded only to BMO's Motion to Dismiss. (*See* Mem. Opp. BMO Mot. Dismiss, Jan. 11, 2023, Docket No. 72.) Hopper attached a Declaration of Technical Difficulties but provided no

description of the difficulties that led to the late filing. (*See* Decl. Technical Difficulties, Jan. 11, 2023, Docket No. 72-1.) To date, Hopper has not responded to Dovenmuehle's Motion to Dismiss.

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Documents necessarily embraced by the pleadings include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). Courts can also consider documents outside of the complaint that are publicly recorded. *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

## II.   ANALYSIS

As a preliminary matter, after BMO and Dovenmuehle filed memoranda in support of their respective Motions to Dismiss, Hopper responded only to BMO's Motion to Dismiss and addressed just two out of the ten claims. Hopper did not respond to Dovenmuehle's motion at all. Failure to respond to arguments in favor of dismissal may constitute waiver and abandonment, justifying dismissal on that basis alone. *See, e.g., Christensen v. PennyMac Loan Services,* 988 F. Supp. 2d 1036, 1042 (D. Minn. 2013) (collecting cases). Therefore, the Court considers Counts One, Two, Four, Six, Nine, and Ten, to be abandoned and will dismiss each without prejudice.

### A.   Breach of Contract

Hopper alleges that BMO breached the mortgage loan contract by failing to credit his payments. BMO counters that Hopper did not plausibly plead a breach of contract claim because he failed to identify the terms that were breached and because the text of

the mortgage loan contract plainly establishes that BMO may hold any partial monthly mortgage payment.

Under Minnesota law, a breach of contract claim has four elements: "(1) formation of a contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages." *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1107 (8th Cir. 2013). To plausibly plead breach of contract, it is not enough to allege that the defendants acted contrary to an agreement. The plaintiff must allege sufficient details for the Court to infer that a material term of the contract has been breached.

Here, the mortgage agreement plainly states that the "Lender may accept any payment or partial payment insufficient to bring the Loan current . . . but Lender is not obligated to apply such payments at the time such payments are accepted." (Kitchen Decl., Ex. 1 ("Mortgage") at 6, Oct. 11, 2022, Docket No. 45-1.)[1] Further, "Lender may hold such unapplied funds until [Hopper] makes payment to bring the Loan current." (*Id.*) Thus, not only did Hopper fail to identify the term of the contract being breached, but the plain wording of the contract contradicts Hopper's claim that Defendants breached the contract by not crediting his payment. The agreement establishes that BMO may accept partial payments, but it is not obligated to apply such payments at that time. That is

---

[1] The Court may consider the mortgage's language because the mortgage is necessarily embraced by the Complaint and because it is a publicly recorded document.

-7-

exactly what Hopper alleges Defendants did. Therefore, the Court concludes that Hopper has not sufficiently pled a breach of contract claim and will dismiss this claim without prejudice.

### B.     FCRA Claims

Hopper alleges that Defendants engaged in both negligent and knowing/willful violations of the Fair Credit Reporting Act ("FCRA") because they failed to conduct a reasonable investigation into Hopper's payment dispute and furnished inaccurate or harmful information to credit agencies.

The FCRA requires consumers like Hopper to report their disputes directly to Consumer Reporting Agencies ("CRAs"), not to "furnishers" like BMO or Dovenmuehle. *See* 15 U.S.C. § 1681i(a)(2)(A). CRAs are organizations that "regularly engage[] in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f). The FCRA outlines certain responsibilities CRAs have and procedures they must follow when they receive notice of a dispute from a consumer. *E.g.,* 15 U.S.C. § 1681i(a)(2)(A). In contrast, a "furnisher" is "an entity that furnishes information relating to consumers" to CRAs. 16 C.F.R. § 660.2(c). Furnishers have certain duties under the FCRA "after receiving notice pursuant to section 1681i(a)(2)." § 1681s-2(b)(1). Thus, under the FCRA, Defendants only have duties to perform once they are notified of a dispute by a CRA. *See Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011).

Although the Amended Complaint refers to BMO and Dovenmuehle only as furnishers, Hopper argued in his briefing that Defendants are both furnishers and CRAs. (Mem. Opp. BMO Mot. Dismiss at 5–6.)  But Hopper did not allege any facts that suggest BMO or Dovenmuehle "regularly engage[] in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f) (defining "consumer reporting agency").  Moreover, federal courts have explained that "a single entity cannot be both the furnisher of information to a consumer reporting agency and the consumer reporting agency receiving that same information."  *Alston v. LexisNexis Risk Solutions Inc.*, No. 21-2322, 2022 WL 177735808, at *4 (D.D.C. Dec. 16, 2022). Hopper has not properly alleged that either Defendant is a CRA.  And because he has not alleged they are CRAs, he has not alleged that he reported the dispute to a CRA and that any duties of furnishers under the FCRA were ever triggered.  The Court will dismiss his FCRA claims accordingly and without prejudice.  *See Ori v. Fifth Third Bank*, 603 F. Supp. 2d 1171, 1174 (E.D. Wis. 2009) (dismissing an FCRA claim because plaintiff did not plausibly suggest either that they provided notice to a CRA or that the CRA provided notice to the furnisher).

## CONCLUSION

Because Plaintiff abandoned most of his claims and failed to sufficiently plead his breach of contract and FCRA claims, the Court will dismiss this case.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Dovenmuehle Mortgage, Inc.'s Motion to Dismiss [Docket No. 49] is **GRANTED.**

2. Defendant BMO Harris Bank, N.A.'s Motion to Dismiss [Docket No. 42] is **GRANTED.**

3. The Complaint is DISMISSED WITHOUT PREJUDICE.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 2, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge